## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT E. TURNER (LEWIS),
     Plaintiff                        Case No. 1:06cv132

     vs

MARY JOHNSON (PAIGE),          **ORDER**
     Defendant                    (Dlott, J.)

Plaintiff, a resident of Florence, Kentucky, brings this action against Mary Johnson alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

Dockets.Justia.com

action has no arguable legal basis when the defendant is immune from suit or when plaintiff

claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An

action has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898

F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii).  A complaint fails to state a claim for relief

"if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim

that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's pro se complaint alleges the following:

Now comes the Plaintiff to this court, (Fed. Rule 16), to request an investigation
in this matter, case #041341.

In reference to adult, Robert E. Johnson, Plaintiff is requesting from the Hamilton
County Juvenile Court, to illustrate and explain how an "Old and paid", case
(support case) paid through Social Security Administration, in full, can still ask
for payment.

Plaintiff also requests (Fed, Rule 16), how the Defendant, was able [to] receive
continued support from the system, under another name and marriage.

Plaintiff, also requests, the court, please be advised that Federal Income Tax
refund was intercepted from Kelly A. Gardner, and monies were applied to this
debt (See Attachments).  Return the tax refund. Plaintiff receives S.S.I.

(Complaint at 1).  An attachment to the complaint indicates that Mr. Turner has been summoned

by the Hamilton County Juvenile Court to show cause why he should not be held in contempt of

court for failure to comply with the support order in Case #041341.  Another attachment

indicates the outstanding child support obligation as of April 29, 2005 was $2,909.91.  It appears

2

that defendant Mary Johnson is the mother of plaintiff's child to whom he allegedly owes child

support.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law,

or alternatively, has failed to state a claim upon which relief may be granted in this federal court.

There is no logical construction of plaintiff's complaint from which the Court can divine a viable

claim against the defendant over which the Court might have jurisdiction.

In order to  invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331

or to state a claim under  42 U.S.C. § 1983, plaintiff must allege that the challenged conduct

deprived plaintiff of some right secured by the Constitution or laws of the United States.  *See*

*Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt*

*v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*,

474 U.S. 517 (1984)).  Assuming, *arguendo*,  that plaintiff is relying on 42 U.S.C. § 1983 in

bringing this action, plaintiff must allege facts indicating that defendant Johnson (1) acted under

color of state law; and (2) deprived plaintiff of some right or privilege secured by the

Constitution and laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

*overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)).  Plaintiff fails to

allege any facts indicating that defendant Johnson acted under color of state law.  Thus, he fails

to state a viable § 1983 claim against defendant Johnson.

To the extent plaintiff may be seeking to invoke the diversity jurisdiction of the Court,

his cause of action is barred.  Plaintiff fails to state defendant Johnson's address or residency.  It

is therefore impossible for the court to determine whether diversity of citizenship exists to

establish diversity jurisdiction.  In addition, it appears that the jurisdictional amount in

3

controversy of $75,000.00 is not met.  *See* 28 U.S.C. § 1332(a).

Moreover, federal courts cannot entertain an action based solely on diversity jurisdiction when the matter in controversy involves child custody or domestic relations matters. *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981).  "Although a domestic relations case may meet the technical requirements for diversity jurisdiction, federal courts traditionally have refrained from exercising jurisdiction over cases which in essence are domestic relations disputes." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).  *See also McLaughlin v. Cotner*, 193 F.3d 410, 412-13 (6th Cir. 1999), *cert. denied*, 120 S.Ct. 1278 (2000).  The field of domestic relations involves local problems "peculiarly unsuited to control by federal courts." *Firestone*, 654 F.2d at 1215.  Federal courts have declined to accept jurisdiction "over parent-child, domestic relations or custody disputes and in adoption matters subject to state law and state court disposition." *Zak v. Pilla,* 698 F.2d 800, 801 (6th Cir. 1982) (per curiam); *see Hooks v. Hooks,* 771 F.2d 935, 942 (6th Cir. 1985).  Federal courts accept jurisdiction in domestic relations cases to determine tort, contract or civil rights claims only when the underlying domestic relations issues are not in question. *Hooks,* 771 F.2d at 942.  In this case, plaintiff clearly brings the underlying domestic relations issues into question by challenging his continued support obligation to his child.  This case is so closely related to the field of domestic relations law that abstention is appropriate. *Firestone*, 654 F.2d at 1216.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or for failure to state a claim upon which relief may be granted in this federal court, or in the alternative, on the ground that the Court is without federal jurisdiction over the matter. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

 S/Susan J. Dlott
Susan J. Dlott
United States District Judge